J-S55029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANDRE SCOTT BALDWIN | |
| Appellant | No. 396 MDA 2017 |

Appeal from the PCRA Order February 7, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001056-2001

BEFORE:  DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED OCTOBER 18, 2017**

Appellant, Andre Scott Baldwin, appeals from the order entered February 7, 2017, denying as untimely his petition for collateral relief filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 19, 2001, following a bench trial, Appellant was convicted of second degree murder, two counts of aggravated assault, four counts of robbery, and one count each of firearms not to be carried without a license, possession of a firearm with the manufacturer's number altered, and recklessly endangering another person.[1]  He received a mandatory sentence of life imprisonment and did not appeal his sentence.  Accordingly, his

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 2502(b), 2702(a)(1), 2702(a)(4), 3701(a)(1), 6106(a)(1), 6110.2(a), and 2705, respectively.

sentence became final on January 18, 2002, thirty days after the entry of the sentencing order. **See** Pa.R.A.P. 903; **see also Commonwealth v. Concordia**, 97 A.3d 366 (Pa. Super. 2014) (citing **Commonwealth v. Pollard**, 911 A.2d 1005 (Pa. Super. 2006).

On May 27, 2016, Appellant *pro se* filed an untimely petition seeking PCRA relief, his first. Counsel was appointed and filed a **Turner/Finley** letter.[2] The PCRA court granted counsel's petition to withdraw and gave Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed within twenty days. Appellant filed a response to the court's notice, requesting that the PCRA court extend the relief provided by **Miller v. Alabama**, 132 S. Ct. 2455 (2012), to apply to adult individuals who might otherwise mentally be considered a juvenile. The PCRA court dismissed Appellant's petition.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion, finding 1) that Appellant's claims were waived for failure to sufficiently articulate them in his statement, and 2) all matters previously raised by Appellant were time-barred.[3]

_____

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998).

[3] We agree with the PCRA court that Appellant's Pa.R.A.P. 1925(b) statement is deficient in its vagueness. **See**, **e.g.**, Pa.R.A.P. 1925(b); **see also Commonwealth v. Dowling**, 778 A.2d 683, 686-87 (Pa. Super. 2001)

On appeal, Appellant raises the following issue for our review:

1. Whether the court erred in denying the PCRA petition due to the change in law as announced by **Montgomery v. Louisiana**[4] as newly stated constitutional law to have all factors which would increase his sentence proven beyond a reasonable doubt.

2. Whether the federal court's action in similar cases have created a precedent that the state courts should follow, allow retroactive, or whether retroactive application was necessary when the defendant filed a timely post conviction petition.

Appellant's Brief at 3.

Although his brief is unnumbered and appears to be missing a page, essentially, Appellant argues that due to his life circumstances and cognitive abilities, he is a technical juvenile who should be allowed the relief offered by **Miller**, made retroactive by **Montgomery**.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

---

(noting that where a court has to guess the issues appellant is appealing, that is insufficient for meaningful review). However, as it was clear that Appellant's challenge was based upon **Miller**, and jurisdictional issues bar a merits review, we decline to find waiver for this particular reason.

[4] **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. **Id**. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); **see Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000).

- 4 -

Appellant's petition is untimely.[5]  Accordingly, in order to reach the merits of his issues, he must plead and prove one of the exceptions to the time bar.  **See Bennett**, 930 A.2d at 1267.  Appellant has failed to do so.  In his brief he argues, incorrectly, that his sentence is unconstitutional because he was a juvenile who received a mandatory life sentence.[6]  Although Appellant argues that he is entitled to the retroactive application of **Miller** due to his mental age at the time of the murder, this Court has previously rejected the argument that offenders who are over eighteen may be considered "technical juveniles" per **Miller**.  **See**, **e.g.**, **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016).

Accordingly, the PCRA court's determination that Appellant's petition is untimely and meets no timeliness exception is supported by the record and free of legal error.  **Ragan**, 923 A.2d at 1170.

_____

[5] Appellant's judgment of sentence became final on January 18, 2002, at the expiration of the thirty-day period to file a direct appeal to this court.  **See** Pa.R.A.P. 903; **see also Concordia**, 97 A.3d at 366; **see also** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review).  Accordingly, Appellant's petition was over a decade untimely.

[6] The record reflects that Appellant was over eighteen years of age at the time he committed the murder.  **See** PCRA Court Opinion (PCO), 3/27/17, at 5.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2017